IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TERRENCE J FITCH,

    Plaintiff,

v.                                  Case No. 24C1134

JOSH KAUL,

    Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DIMSISS

Defendant, Wisconsin Attorney General Josh Kaul ("A.G. Kaul"), by and through his undersigned counsel, submits the following brief in support of his Motion to Dismiss.

## INTRODUCTION

Plaintiff, alleging to be, "Fitch, Terrence J©, corp sole dba Terrence J Fitch ©" brings a frivolous sovereign citizen complaint that seeks to have Plaintiff (or Terrence J. Fitch?) be put on the "DOT[sic] NOT STOP, DETAIN LIST." The Complaint is wholly frivolous, fails to state a claim upon which relief can be granted, relies upon "sovereign citizen" arguments that have been wholly rejected by the courts, and is barred by Eleventh Amendment immunity and fails to allege any personal involvement by A.G. Kaul.

As far as the undersigned counsel can tell, Plaintiff claims to be a corporation owning himself and somehow believes that because of this, he should not be subject

to the laws of the State of Wisconsin (or any other state). Even if Plaintiff were not a citizen of the State of Wisconsin (Defendant takes no position on this matter, not knowing where plaintiff's place of usual abode is), lack of citizenship does not permit a person to flout the laws of the locale in which they find themself. Whether Terrence J. Fitch is a citizen of Wisconsin, another state within the United States, Canada or somewhere else entirely, the laws of Wisconsin apply to him when he is in Wisconsin. On top of this, Plaintiff seeks to be put on the "do not stop or detain list," which, unfortunately for Plaintiff, does not exist. As such, Plaintiff has failed to state a claim upon which relief can be granted.

## STATEMENT OF THE CASE

For purposes of this Motion to Dismiss, Defendant accepts the facts (but not legal conclusions) stated in Plaintiff's complaint as true.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss tests the sufficiency of the complaint; it does not determine the merits of the lawsuit. *See Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). To survive a Rule 12(b)(6) challenge, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that it "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (citation omitted).

Deciding a motion to dismiss, courts must accept the factual allegations as true, *see id.* at 572, in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). However, a complaint cannot simply contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rather, it must include specific allegations that, if true, make the plaintiff's claim for relief more than speculative. *See Twombly,* 550 U.S. at 555.

## ARGUMENT

### I.  Plaintiff fails to state a claim against Attorney General Kaul.

Plaintiff's complaint fails to state a claim against A.G. Kaul upon which relief can be granted in a myriad of ways. Accepting as true the facts alleged by Plaintiff, nothing entitles Plaintiff to the relief requested – Plaintiff fails to identify any law, statute, constitution, or other source of law that would entitle him (it?) to be placed on a fictional "do not stop or detain list." Because there is no such thing as a stop or detail list, Plaintiff cannot be added to it. To the extent Plaintiff claims to be the "registered owner and 1st lien holder of the 14th amendment person Fitch, Terrence Jamal © corp," this is a legal impossibility. Slavery has been abolished and there is no legal basis for owning a human being as "personal property."

Plaintiff also seems to be under the erroneous belief that there must be some sort of written contract between a person and a state or nation to be a citizen, and further, under the mistaken belief that a birth certificate is a contract into which one

enters. In short, there is no legal basis for these arguments, which are all sovereign citizen arguments and are wholly meritless and commonly rejected by the courts.

### II. Plaintiff's "sovereign citizen" arguments should be summarily dismissed without wasting more of this Court's time.

Plaintiff, while bringing this suit in federal court, raises frivolous arguments that Terrence J. Fitch is the personal property of a corporation and alleges a failure to contract as a basis for being beyond the jurisdictions of the law and courts. These arguments have been soundly rejected by the Seventh Circuit:

> "Our intention is not to quash the presentation of creative legal arguments or novel legal theories asserted in good faith. But the arguments raised by these defendants were not in good faith. We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts."

*U.S. v. Benabe*, 654 Fed. 753, 767 (7th Cir. 2011). These types of arguments are frivolous and should be dismissed "summarily" as they are a waste of court resources. *Gideon v. City of Tomah, Wisconsin,* No. 24-cv-164-wmc 2024 WL 2049021 (WD WI 2024), *citing, McCauley-Bey v. Meuris,* No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022)*); Bey v. State,* 847 F.3d 559, 561 (7th Cir. 2017)*; and United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011).

### III. Plaintiff's claims are barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution denies federal courts the authority to entertain suits brought by private parties against a state without the state's consent. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979). Eleventh

Amendment immunity also extends to state officials and employees when they are sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Here, the Eleventh Amendment would bar any claim asserted by Plaintiff against A.G. Kaul. Defendant is aware of no waiver or consent that would apply to permit this suit to proceed.

## IV. Plaintiff can point to no personal involvement by A.G. Kaul.

Other than in the caption, A.G. Kaul's name does not appear anywhere within the body of the Complaint and therefore fails to adequately allege A.G. Kaul's personal involvement in the alleged constitutional deprivation. *Iqbal*, 556 U.S. at 676. A plaintiff must show that the official, in this case the attorney general, "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see," and cannot accomplish this through the doctrine of *respondeat superior*. *Sanville v. McCaughtry*, 266 F.3d 724, 736 (7th Cir. 2001). Plaintiff's Complaint fails to allege facts sufficient to meet this standard.

Under Seventh Circuit precedent, high level officials, like A.G. Kaul, cannot be assumed to be directly involved in a day-to-day operations of an agency. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) ("It is simply the uniform application of a rule of construction: an inference that a warden is directly involved in a prison's daily operations is not reasonable."); *see, also, Duncan v. Duckworth*, 664 F.2d 653, 655 (7th Cir. 1981); *Sanville*, 266 F.3d at 739-40. Because the Complaint fails to sufficiently allege A.G. Kaul's personal involvement in the alleged constitutional deprivation, Plaintiff's claims must be dismissed for failure to state a claim.

## CONCLUSION

Plaintiff's complaint seeks fictitious relief (being added to a non-existent "do not stop or detain" list) and relies on frivolous sovereign citizen arguments that are unsupported by actual state or federal law, are barred by sovereign immunity, and, as such, this case should be dismissed with prejudice.

Dated November 4, 2024.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

<u>s/ Daniel B. Peters</u>
DANIEL B. PETERS
Assistant Attorney General
State Bar #1132126

Attorneys for Defendant.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6218
(608) 294-2907 (Fax)
petersdb@doj.state.wi.us